UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| MARIA TERESA MARTINEZ PAREDES<br>c/o 1007 San Dario<br>Laredo, TX 78040<br><br>      Plaintiff,<br><br>    v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES<br>20 Massachusetts Ave., NW<br>Washington, D.C. 20001<br><br>AND<br><br>UR MENDOZA JADDOU or Successor<br>Director of U.S. Citizenship and Immigration Services<br>20 Massachusetts Ave., NW<br>Washington, D.C. 20001<br><br>AND<br><br>TINA ALMOND or Successor<br>U.S. Citizenship & Immigration Services<br>San Antonio Field Office Director<br>20760 U.S. Hwy 281 N Suite A<br>San Antonio, TX 78258<br><br>      Defendants. | Case No. _____<br><br>Judge _____<br><br>PLAINTIFF'S COMPLAINT FOR A<br>WRIT OF MANDAMUS |

1

## COMPLAINT

COMES NOW MARIA TERESA MARTINEZ PAREDES, Plaintiff in the above-captioned case, by and through undersigned counsel, and files this civil action to compel the United States Citizenship and Immigration Services to comply with its statutory duty to issue an I-797 Notice of Action stating that her N-600 Application for Certificate of Citizenship has been approved, to schedule her oath and issue her Certificate of Citizenship. Plaintiff has an urgent necessity for this issuance and has been waiting for over a year from the date of filing. Plaintiff states the following in support of this action:

## PARTIES

1. Plaintiff MARIA TERESA MARTINEZ PAREDES is a Legal Permanent Resident. Plaintiff was admitted to the United States as a Legal Permanent Resident when she was thirteen years old. Plaintiff was immigrated by her U.S. Citizen father and qualifies for automatic acquisition of citizenship after birth under INA § 320, 8 C.F.R. § 320.

2. Defendant United States Citizenship and Immigration Services is charged with the statutory duty to adjudicate benefits pursuant to the Immigration and Nationality Act, 8 U.S.C. §1101 et. seq. This duty includes the requirement to complete proceedings within a reasonable time, including the duty to issue a Certificate of Citizenship. 5 U.S.C. § 558(c); 8 CFR § 320.

3. Defendant Ur Mendoza Jaddou is the Director for the United States Citizenship and Immigration Services and this action is brought against him in his official capacity. Defendant is generally charged with the duty to oversee the operations of USCIS. Defendant Jaddou is responsible to ensure that USCIS fairly and reasonably adjudicates applications for benefits pursuant to the Immigration and Nationality Act, including the ministerial duty to

timely issue Certificates of Citizenship as required by the Administrative Procedure Act. 5 U.S.C. § 558(c).

4. Defendant Tina Almond or her successor, is the Director of the USCIS San Antonio Field Office, an official of the USCIS, and is generally charged with supervisory authority over operations of the San Antonio District Office. This action is brought against her or her successor in her or his official capacity. The USCIS San Antonio Field Office is processing Plaintiff's N-600 Application for Certificate of Citizenship and to date has not approved her application and has rescheduled her oath ceremony four times. It is under Defendant's authority that Plaintiff is entitled to have her N-600 timely adjudicated and her Certificate of Citizenship issued within a reasonable time following approval of her application. 5 U.S.C. § 558(c).

## JURISDICTION

5. The Southern District of Texas has jurisdiction over this petition for a Writ of Mandamus under 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 28 U.S.C. § 1651.

6. This Court has original federal question jurisdiction under 8 U.S.C. § 1331 for a civil action arising under the laws of the United States.

7. This action arises under the Mandamus Act, 28 USC §1361, which gives the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

8. This Court was established by Congress and therefore "may issue all writs necessary or appropriate in their respective jurisdictions…" 28 U.S.C. § 1651.

## VENUE

9. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391 (e)(1). This is an action against officers and agencies of the United States acting in their official capacities, and a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Southern District of Texas. 28 U.S.C. § 1391 (e)(1).

## FACTUAL BACKGROUND

10. Plaintiff had filed for her citizenship in preparation for the 2022 elections and for travel purposes.

11. Plaintiff applied for a Certificate of Citizenship (N-600 Form) on April 27, 2021. A copy of the receipt for these application is attached to this Complaint as Exhibit A

12. Although the current processing times at the USCIS San Antonio, Texas field office is approximately nine and a half months, Plaintiff's application has been pending for over sixteen months. Exhibit B.

13. Plaintiff and undersigned attorney have submitted out of time processing inquiries to USCIS on six occasions to no avail. The reference numbers are #SR13302100647SNA, IOE-09-117-99092, SR10322207018SNA, SR10762204472SNA, SR12042200136SNA, and SR12042200136SNA. Group Exhibit C

14. Plaintiff has been scheduled for her Oath Ceremony on November 10, 2021, August 30, 2022, August 31, 2022, and September 9, 2022. However, each time she has received a notice that her Oath Ceremony has been cancelled. Group Exhibit D

15. As of September 12, 2022, the status on the USCIS webpage states that Plaintiff was placed in line for an oath ceremony and should receive notice within 30 days of its mailing date, which is a very vague due date. Exhibit E

4

16. In accordance with 8 C.F.R §320.2(a), Plaintiff has met the requirements for automatic acquisition of citizenship since the day she immigrated as a Legal Permanent Resident in 1994 when she was about thirteen years old. Exhibit F

17. USCIS can expeditiously approve Plaintiff's N-600 application by following the statute and looking at the evidence in the USCIS administrative file to prove that at the time Plaintiff became a Legal Permanent Resident: "1) the child has at least one United States citizen parent (by birth or naturalization; 2) the child is under 18 years of age; and 3) the child is residing in the United States in the legal and physical custody of the United States citizen parent, pursuant to a lawful admission for permanent residence." *See* 8 C.F.R §320.2(a)

## MANDAMUS CAUSE OF ACTION

18. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17 above.

19. Section 706(1) of the Administrative Procedure Act clearly states that "the reviewing court shall compel agency action unlawfully withheld or unreasonably delayed."

20. Plaintiff has a clear right to the relief requested. Defendants have a clear legal duty to complete proceedings within a reasonable time under 5 USC § 558(c). "The agency, with due regard for the rights and privileges of all the interested parties and adversely affected persons and within a reasonable time, shall set and complete proceedings required to be conducted in accordance with sections 556 and 557 of this title or other proceedings required by law..." 5 U.S.C. § 558(c).

21. Plaintiff has no reasonable remedy to redress Defendant's delay in issuance of an approval notice and the Certificate of Citizenship following repeated attempts to remedy the delay in processing and the incumbent preclusion of international travel.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests this Honorable Court issue a Writ of Mandamus compelling Defendants to adjudicate her N-600 and to issue a Certificate of Citizenship expeditiously. Plaintiff also respectfully requests an award of attorney's fees and costs pursuant to the Equal Access to Justice Act. 22 U.S.C. § 2412, and such other relief as may be just and proper.

Respectfully submitted,

s/ *Norma Nelly Vielma*
Norma Nelly Vielma (34747)
Vielma Law Firm, PLLC
1007 San Dario
Laredo, TX 78040
Telephone: (956)725-5500
Email: [illegible]@vielmalawfirm.com
Counsel for the Plaintiff

| EXHIBIT | DESCRIPTION OF EXHIBIT |
|---|---|
| A | N-600 Application Receipt Notice |
| B | San Antonio Field Office N-600 Processing Times |
| C | USCIS Out of Processing times correspondence |
| D | USCIS Notices for Oath Ceremony and Cancellations |
| E | USCIS Case Status |
| F | 8 CFR §320 |
|   |   |